UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
DEC 09 2021
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:21-cr-065RLY-MPB-01 |
| ) | |
| STACY RYAN GOLDMAN, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

COUNT 1
18 U.S.C. § 2251(a)
Production and Attempted Production of Sexually Explicit Material Involving Minors

On or about January 29, 2017, in the Southern District of Indiana, and elsewhere, STACY RYAN GOLDMAN, the defendant herein, knowingly employed, used, persuaded, induced, enticed, and coerced Minor Female A, a person under the age of eighteen known to the Grand Jury, to engage in sexually explicit conduct, and attempted to do so, for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct and the visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, by any means, including by computer, and the visual depiction was actually transmitted using any means or facility of interstate commerce or in or affecting interstate commerce, to wit: using the video chat function of a social networking software application, STACY RYAN GOLDMAN communicated with Minor Female A from Evansville, Indiana and persuaded, induced, enticed, and coerced Minor

[1]

Female A to produce video transmissions of Minor Female A engaging in sexually explicit conduct as defined by Title 18, United States Code, Section 2256(2), and to share the sexually explicit video with him by internet transmission from Wisconsin to Evansville, Indiana after it was produced using a cellular telephone that was manufactured outside of the United States.

In violation of Title 18, United States Code, Section 2251(a) and 2251(e).

## FORFEITURE ALLEGATIONS

1. In accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the United States hereby notifies the defendant that it will seek forfeiture of property pursuant to 18 U.S.C. § 2253 as part of any sentence imposed.

2. Pursuant to 18 U.S.C. § 2253, if convicted of the offense set forth in this Indictment, the defendant shall forfeit to the United States all right, title and interest the defendant has in:

   A. any visual depictions described in 18, U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

   B. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses of which the defendant is convicted, or a sum of money equal to the total amount of traceable gross profits (money judgment); and

   C. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense of which the defendant is convicted, or any property traceable to such property.

3. The property subject to forfeiture includes, but is not necessarily limited to:

   A. all images of child pornography and/or child erotica the defendant acquired through, and/or used to facilitate, his commission of child sexual

exploitation offense in violation of 18 U.S.C. § 2251; and

B. all tangible and intangible property rights, including but not limited to copyrights, in all images of child pornography and/ or child erotica the defendant acquired through, and/or used to facilitate, his commission of child sexual exploitation offense in violation of 18 U.S.C. § 2251.

4. The United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, and as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c), up to the value of any property described above in paragraph 3, if by act or omission of the defendant, the property described in paragraph 3, or any portion thereof:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

ZACHARY A. MYERS
United States Attorney

by: _____
Todd S. Shellenbarger
Assistant United States Attorney

[3]