UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:21-cr-065-RLY-MPB |
| | ) | |
| STACY RYAN GOLDMAN, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana and, Todd S. Shellenbarger, Assistant United States Attorney ("the Government"), and the defendant, STACY RYAN GOLDMAN ("the defendant"), in person and by counsel, Jonathan Chance, inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charges

1.  **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the offense charged in the Indictment, Count 1, Production and Attempted Production of Sexually Explicit Material Involving Minors, in violation of 18 U.S.C. § 2251(a) and 2251(e).

2.  **Potential Maximum Penalties:** The offense of Production and Attempted Production of Sexually Explicit Material Involving Minors, in violation of 18 U.S.C. § 2251(a) and 2251(e) is punishable by a minimum term of imprisonment of 15 years and a

maximum term of imprisonment of 30 years, a maximum fine of $250,000, and a term of supervised release of up to life.

3.     **Elements of the Offenses:**  To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt. Production and Attempted Production of Sexually Explicit Material Involving Minors: (1) At the time set forth in the indictment, the person identified in the indictment was under the age of eighteen years; and 2) The defendant, for the purpose of producing a visual depiction of such conduct, employed, used, persuaded, coerced, the person identified in the indictment to take part in sexually explicit conduct; and 3) The visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce and or the visual depiction was actually transmitted using any means or facility of interstate commerce or in or affecting interstate commerce.

## Part 2:  General Provisions

4.     **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory

sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense involving a sexual act or sexual contact with a minor or the molestation of a minor, including any such acts that may be in violation of the law of any State.

3

7. **No Protection From Prosecution for Unknown, Subsequent or Contact Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense involving a sexual act or sexual contact with a minor or the molestation of a minor, including any such acts that may be in violation of the law of any State

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

### Part 3: Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

   A. **Government's Recommendation:** The Government has agreed to recommend the imposition of a sentence, within the statutory range, at the low end of the Guideline range determined by the Court, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

   B. **Defendant's Recommendation:** The defendant is free to recommend any sentence within the statutory range, including a sentence below the Guideline range determined by the Court.

10. **Placement:** The government agrees not to oppose any request made by the defendant for a recommendation by the Court that the defendant serve any period of imprisonment in a specific facility. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.

11. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow

any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

**12. Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

**13. No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

### Part 4: Monetary Provisions and Forfeiture

**14. Special Assessments. (1) Mandatory:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013. **(2) Additional:** The Court will determine whether to impose an additional special assessment of $5,000 for a non-indigent person convicted of an offense under Chapter 110 of Title 18 pursuant to 18 U.S.C. § 3014. The parties understand and agree that the Court will determine whether to impose the additional special assessment after hearing any arguments from the parties. The Court will determine whether to impose an additional assessment in child pornography cases of up to $50,000 pursuant to 18 U.S.C. § 2259A(a)(3). The parties understand and agree that the Court will determine whether to impose the additional child pornography assessment after hearing any arguments from the parties.

15. **Fine:** The United States will not recommend the imposition of a fine against the defendant. However, the parties understand and agree that the Court will determine whether to impose a fine after any arguments of the parties.

16. **Restitution:** The Government may request restitution for the minor identified in the indictment, including the costs of any counseling. The Court will determine the appropriate amount of restitution at the time of the sentencing after considering the evidence and arguments presented by the parties.

17. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

18. **Forfeiture:** Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence. Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree (1) consist of property items, real or personal, which constitute or were derived from proceeds traceable to a violation of the offense of conviction and are therefore forfeitable or (2) constitute property items that Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable:

    A.    all images of child pornography and/or child erotica the defendant acquired through, and/or used to facilitate, his commission of child sexual exploitation offenses in violation of 18 U.S.C. § 2251.

19. Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

20. Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

21. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at

8

sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

22. This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

23. Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

24. **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes,

without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Part 5:  Factual Basis for Guilty Plea

25.    The parties stipulate and agree that the following facts establish a factual basis for the defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence and the government reserves the right to present additional evidence at the time of sentencing.

A.    On or about January 29, 2017, in the Southern District of Indiana, and elsewhere, the defendant knowingly employed, used, persuaded, induced, enticed, and coerced Minor Female A, a person under the age of eighteen, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and attempted to do so, for the purpose of producing visual depictions of such conduct and the visual depictions were produced using a cellular telephone equipped with a camera that had been mailed, shipped or transported in interstate or foreign commerce and the visual depictions were actually transmitted using any means or facility of interstate commerce or in or affecting interstate commerce from Wisconsin to Indiana.

  **B.** On or about January 29, 2017, Minor Female A lived in Wisconsin and the defendant lived in Evansville, Indiana. While in Wisconsin, Minor Female A participated in Facebook video chat sessions with the defendant. These communications included discussions about sexual activity and video transmissions of Minor Female A engaging in sex acts to the defendant and video transmissions of the defendant engaging in sex acts to the Minor Female A. Facebook reported concerns about Minor Female A to law enforcement officials in Wisconsin.

  **C.** Based on the Facebook report, Minor Female A was interviewed by law enforcement officials in Wisconsin and reported to investigators that she met the defendant on Facebook. Minor Female A maintained a Facebook profile that would allow a person viewing the page to be aware of her age. Minor Female A reported her online relationship with the defendant started after he commented on her Facebook profile picture. Minor Female A reported that the defendant had actual knowledge of her age. Minor Female A's cellular telephone, a Samsung that was manufactured outside of the United States, was secured by Wisconsin law enforcement officials. An examination of the phone resulted in the recovery of the Facebook video chat messages between Minor Female A and the defendant. During video chat exchanges that occurred on or about January 29, 2017, the defendant persuades, induces, entices, and coerces Minor Female A to make video transmissions of herself masturbating while the defendant transmits video of himself masturbating to Minor Female A. The Facebook video chat application allows for the simultaneous transmissions of video feeds.

  **D.** On September 17, 2021, the lead investigator interviewed the defendant. The defendant admitted communicating with Minor Female A using his Facebook account. The defendant admitted that he knew Minor Female A was under age 18. The defendant confirmed that he engaged in "sexting" with Minor Female A between August 2016 and March 2017. At

11

one point, the defendant actually sent Minor Female A a photo of his Indiana driver's license. The defendant admitted taking screen captures of Minor Female A while she was masturbating during the sexting sessions. The defendant admitted threatening to disseminate pictures of Minor Female A on at least one occasion when he was mad at her. The defendant said the relationship ended when Minor Female A's parents and law enforcement officials found out about it.

E. The video images named in the indictment were transmitted on or about January 29, 2017, from Wisconsin and received by the defendant in Vanderburgh County, Indiana.

F. The defendant knew that Minor Female A was under the age of 18 years old at the time the sexually explicit conduct was recorded and transmitted. Minor Female A was 14 years old in January 2017.

### Part 6: Other Conditions

26. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

27. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

28. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

29. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2020 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A. Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

B. Pursuant to U.S.S.G. § 2G2.1(b)(1)(B) 2 levels are added because the offense involved a minor over age 12, but under age 16.

C. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A) 2 levels are added because the offense involved the commission of a sexual act.

D. Pursuant to U.S.S.G. § 2G2.1(b)(6)(B) 2 levels are added because the offense involved the use of a computer to solicit the minor to engage in sexually explicit conduct.

E. Pursuant to U.S.S.G. § 4B1.5(b)(1) 5 levels are added because the instant offense is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor.

F. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the defendant's agreement to

13

cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to make a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

    **G.**    **Final Offense Level: 40.**

## Part 8: Waiver of Right to Appeal

    **30.**    **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742, regardless of the defendant's criminal history category or how the sentence is calculated by the Court. The defendant further expressly waives any and all challenges to the statutes to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statutes. This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

31. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

   A. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

   B. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

   C. **Motions for Compassionate Release:** As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i). Any such motion must be based on one or more "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction). The

defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50). The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**32.** **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

**33.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**34.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

**35.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Part 11: Statement of the Defendant

36. By signing this document, the defendant acknowledges the following:

A. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

B. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C. I have read the entire Plea Agreement and discussed it with my attorney.

D. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E. Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter

sentence, or probation, or any other form of leniency, if I would plead "Guilty". I hope to receive probation, but am prepared to accept any punishment permitted by law, which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

   **F.**  I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

   **G.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

   **H.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

   **I.**  I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

   **J.**  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to

be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

## Part 12: Certificate of Counsel

37. By signing this document, the defendant's attorney and counselor certifies as follows:

**A.** I have read and fully explained to the defendant all the accusations against the defendant, which are set forth in the Indictment in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**E.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I

recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 13: Final Provision

38. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

2-6-23
DATE

Todd S. Shellenbarger
Assistant United States Attorney

2/6/2023
DATE

Nicholas J. Linder
Criminal Chief

2-6-2023
DATE

Stacy Ryan Goldman
Defendant

2-6-2023
DATE

Jonathan Chance
Counsel for Defendant

20