UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:21-CR-00065-RLY/MJD |
| v. ) | |
| ) | |
| STACY RYAN GOLDMAN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT STACY RYAN GOLDMAN'S SENTENCING MEMORANDUM**

Defendant, Stacy Ryan Goldman ("Goldman"), by counsel, submits his sentencing memorandum for this Court to consider in determining Goldman's sentence at his sentencing hearing on May 4, 2023.

**A. Introduction and Defendant's Background**

Goldman is a thirty-two (32) year old male. Presentence Report ("PSR"), page 3. He was born in Evansville, Indiana and is a "life-long resident of Evansville.". PSR ¶¶44, 49.

Goldman started off his life at a disadvantage. He was born with alcohol and/or drugs in his system. PSR ¶45. Shortly after birth, he was removed from his biological mother's care and placed in foster care with Keven Wayne and Leslie Ann (Wallace) Goldman, who adopted Goldman before his fifth birthday. PSR ¶45.

Goldman has an extensive history of mental health issues. PSR ¶55. Goldman has previously been diagnosed with mild mental retardation, learning disabilities, attention deficit hyperactivity disorder ("ADHD"), obsessive compulsive disorder, kleptomania, and explosive

1

anger disorder. *Id*. When he was six (6) years old, his parents placed him for treatment at Southwestern Behavioral Healthcare in Evansville. PSR ¶56. At that time, Goldman said he would bang his head on the wall when he didn't get his way. *Id*. He was treated at Southwestern for several years as a juvenile and was prescribed various medications at this time. Goldman's records from Southwestern were unavailable due to the age of his case. *Id*.

When Goldman was in 6th grade, he demonstrated other behavioral issues at home and became aggressive, which led to his parents seeking services for him from Deaconess Cross Pointe in Evansville. PSR ¶57. He had a week-long placement at Cross Point for three (3) times in one month. *Id*. Goldman's records from Cross Point were unavailable due to the age of his case. *Id.*

When he was sixteen (16) years old, Goldman was placed at Options Behavioral Health System in Indianapolis. PSR ¶58. Goldman lived at that facility was approximately seven (7) months. *Id*. No records have been provided from that facility. *Id.*

Goldman has also received mental health care from Dr. Henry Kaplan with Midwest Behavioral Health and Dr. Tricia Baird with Ascension St. Vincent. PSR ¶59. Dr. Kaplan's records were unavailable; Dr. Baird has not provided copies of Goldman's records. *Id*.

Goldman is currently prescribed and taking Celexa 40 mg two times per day to help stabilize his moods. PSR ¶60.

From the age of nineteen (19) until he was almost thirty (30) years old, Goldman drank beer heavily on the weekends and smoked marijuana when it was available. PSR ¶62. Goldman is interested in any substance abuse programs available to him while in prison. PSR. ¶64.

### B. Facts Related to Offense Conduct

Between August 2016 and March 2017, Goldman engaged in online chat messaging via Facebook with a minor female he admitted knowing was fourteen (14) years old at the time. PSR ¶¶9-14. During these chat messages, Goldman and the minor engaged in "sexting," which consisted of sending, via Facebook messenger, pictures and/or videos of each other engaged in masturbating or other sexualized conduct. *Id.* According to the minor, she and Goldman had discussed plans for her to travel to Evansville to meet him in person in order to have sex. PSR. ¶11

On December 9, 2021, Goldman was indicted for production and attempted production of sexually explicit material involving a minor, in violation of 18 U.S.C. §2251(a). PSR ¶1. Goldman was arrested on January 27, 2022 and has been in federal custody since his arrest. PSR, page 1.

### C. Legal Standards

This Court engages in a two-step process when calculating a defendant's sentence. *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007). The Court must first calculate the proper advisory guideline range. *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 596 (2007). Next, the Court must consider the factors in 18 U.S.C. §3553(a) to decide whether to impose a sentence within or outside the advisory guideline range. *Miranda supra*, 505 F.3d at 791.

Under §3553(a), the Court shall impose a sentence that is sufficient, *but not greater than necessary*, to satisfy the purposes of sentencing, and the Court shall consider:

  (1) the nature and circumstance of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence:

    (a) to reflect the seriousness of the offense, promote respect for the law, and promote just punishment;

    (b) to afford adequate deterrence;

    (c) to protect the public from further crimes by this defendant;

    (d) to provide needed education or vocational training, medical care or treatment effectively;

  (3) the kinds of sentences available;

  (4) the advisory guidelines range and pertinent policy statements;

  (5) the need to avoid unwarranted sentencing disparities; and

  (6) the need to provide restitution to any victim.

Although the guidelines are advisory, the application of section 3553(a) is mandatory. *Miranda supra*, 505 F.3d at 791.

### D. Goldman's Advisory Guideline Calculation

Pursuant to Goldman's Petition to Enter Plea of Guilty and Plea Agreement, the parties had agreed that Goldman would plead guilty to one count of production of sexually explicit conduct involving a minor in violation of 18 U.S.C. §2251(a). The parties did not agree on a specific sentence; however, the Government agreed to a sentence at the low end of the Court's guideline sentencing determination and Goldman reserved the right to argue for sentence below the statutory maximum sentence of thirty (30) years. The Government has filed a sentencing

memorandum arguing for Goldman to be sentenced to 30 years, which is the statutory maximum for this offense.

The PSR calculated Goldman's adjusted based offense level at 38, which included a two-level upward adjustment for committing this offense while using a computer pursuant to USSG §2G2.1(b)(6)(B)(i).  PSR ¶22.  The PSR added five levels because Goldman was an allegedly dangerous sex offender under USSG §4B1.5(b)(1).  PSR ¶27.  The PSR deducted 3 levels for Goldman's acceptance of responsibility under USSG §3E1.1(a) & (b).  PSR ¶¶28-29.  The PSR calculated Goldman's total offense level at 40.  PSR ¶30.

The PSR found that Goldman had 11 criminal history points which put him in Criminal History Category V.  PSR ¶40.

Goldman's final offense level and criminal history category resulted in a guideline imprisonment range of 360 months to life months (PSR ¶75), which is 2 or more times the length of the statute's 15-year mandatory minimum sentence.  *Id.*

### E. The §3553 Factors

The government is asking this Court to impose a sentence that is at least 2 times the length of 18 U.S.C. §2251(a)'s mandatory minimum sentence of 15 years.  While Goldman acknowledges that the crime to which he pleaded guilty is very serious, he contends that a lesser sentence is appropriate in this case.

In this sentencing memorandum, Goldman will focus on legal challenges to the calculation of his advisory Guideline sentence calculation and will reserve for his sentencing hearing any other arguments regarding other section 3553 factors.

**1. The Appropriate Advisory Guideline Sentence for Goldman Should be Level 33, not Level 40.**

Goldman's counsel acknowledges that he and his client signed Goldman's Change of Plea agreement, which contained various guideline sentence stipulations. One of these stipulations was that USSG §4B1.5(b)(1) applies to Goldman's cases. Upon a closer reading of this guideline enhancement, however, Goldman and his counsel believe this enhancement is not applicable to his case.

USSG §4B1.5(b)(1) increases the guideline sentence by 5 levels if Goldman "engaged in a pattern of activity involving prohibited sexual conduct." Goldman, however, has not engaged in a "pattern" of "prohibited sexual conduct" as that phrase is defined under this guideline provision. Goldman's only prior sexual conduct conviction was a Vanderburgh County conviction for solicitation of a minor and sexual misconduct with a minor in violation of Indiana law. PSR ¶37. This prior sexual offense, however, cannot meet the definition of "prohibited sexual conduct" as that phrase is defined in Application Note 4.A. For example, there are no facts establishing that this prior state conviction involved Goldman making videos of he and the minor engaging in sexual activity, or that it involved the production of child pornography, or that it involved child trafficking. Because that prior sexual offense did not fall within the meaning of "prohibited sexual conduct" defined in USSG §4B1.5(b)(1) Application Note 4.A, there can be no "pattern" of Goldman engaging in such "prohibited sexual conduct." Therefore, this 5-level guideline enhancement cannot be applied in calculating Goldman's advisory Guideline Sentence.

Furthermore, Goldman's total offense level as calculated in the PSR included a 2-level enhancement for using a computer in connection with the offense under USSG

§2G2.1(b)(6)(B)(i).  PSR ¶22.  This Court, however, on many occasions has refused to apply this 2-level enhancement on the grounds that it is redundant with the offense itself, since most of these offenses are committed while using a computer, a smartphone, or other similar devices.  Therefore, Goldman requests this Court to not impose this 2-level enhancement to Goldman's advisory Guideline Sentence.

Removing these additional 7 levels of enhancements would leave Goldman with an advisory Guideline total offense level of 33, which, in combination with Goldman's criminal history category of V, would result in an advisory Guideline sentence of between 210 and 262 months—which is a far more reasonable and sufficient sentence in this case, compared to 360 months to life.

### 2.  Goldman's Criminal History Category V Overstates the Serious of his Criminal History.

Over half of Goldman's 11 points of criminal history relate to various shoplifting/theft incidents and do not involve sex crimes or crimes involving minors.  *See* PSR ¶¶33-36.  USSG §4A1.3(b)(1) permits this Court to make a downward departure in Goldman's criminal history category if it finds that Goldman's criminal history category substantially "over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes…"

Goldman contends that this prior criminal history for theft overstates his criminal history for purposes of calculating an appropriate advisory Guideline sentence for this crime of producing sexually explicit materials involving a minor.  Goldman's prior theft convictions have no reasonable predictive value that Goldman would commit another sex crime involving a minor and should not be used to enhance his sentence for the instant offense.

Accordingly, Goldman requests this Court to downwardly adjust his criminal history to Category IV for purposes of determining his advisory Guideline sentence.

### F.  Credit for Time Served.

Goldman has been in federal custody for the instant offense since January 27, 2022. PSR, page 1.  Regardless of the eventual sentence Goldman receives, he requests that the Bureau of Prisons given him credit for the time he has already served pending his sentencing hearing.

### CONCLUSION

Goldman respectfully requests this Court recalculate his advisory Guideline sentence to remove the 5-level enhancement of USSG §4B1.5(b)(1) and the 2-level enhancement under USSG §2G2.1(b)(6)(B)(i).  Goldman further requests this Court downwardly depart his criminal history category to category IV under USSG §4A1.3(b)(1).  Such adjustments to advisory Guideline sentencing calculation would subject Goldman to a far more reasonable sentence than the 360 months to life sentence proposed in the PSR.  Such sentence would more than sufficiently punish Goldman for his present crime.

Respectfully submitted,

Date: May 3, 2023

/s/Jonathan G. Chance
JC LAW OFFICES
123 N.W. 4th Street, Suite 10
Evansville, IN 47708
Tel. (812) 301-1282
Fax (812) 301-1314
Email jc@jc-law.com

Attorney for Defendant
Stacy Ryan Goldman

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2023, a copy of the foregoing Sentencing Memo was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

**Todd Shellenbarger**
Todd.shellenbarger@usdoj.gov

                                            */s/Jonathan G. Chance*
                                            JONATHAN G. CHANCE