UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 3:21-cr-65-RLY-MJD-01 |
| STACY RYAN GOLDMAN, | ) ) ) |
| Defendant. | ) ) |

**GOVERNMENT'S SECOND SENTENCING MEMORANDUM**

COMES NOW the United States of America, by Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney, and respectfully submits the following memorandum for consideration by the Court in deciding the appropriate sentence in this matter.

**I.      Procedural History**

Defendant Goldman was originally charged by indictment on December 9, 2021, with one count of production of sexually explicit material involving minors in violation of 18 U.S.C. § 2251(a). (Dkt. No. 1) The defendant was serving an unrelated sentence in the Indiana Department of Correction at the time of the indictment. (Dkt. No. 11)  The defendant made his first appearance in this Court on January 26, 2022.  (Dkt. No. 13) On February 6, 2023, the defendant elected to plead guilty to the offense charged in the indictment pursuant to a plea agreement. (Dkt. No. 26)  A Change of Plea and Sentencing hearing was set to commence on May 4, 2023. (Dkt. No. 28)  Both parties filed sentencing memorandums before the scheduled sentencing hearing.  (Dkt. Nos. 33 & 34) The parties agreed to continue the Change of Plea and

[1]

Sentencing hearing on the day of the hearing after discussing issues raised by the pre-sentence report and the sentencing memorandums. (Dkt. No. 35) On May 19, 2023, the parties filed an amended plea agreement. (Dkt. No. 36) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the amended plea agreement limits the Court's discretion on the term of imprisonment to a range of between 20 years and 30 years, a term supervised release for not less than 15 years and not more than 20 years, and a mandatory condition of maintaining a proper registration as a sex offender while on supervised release. The remaining provisions of the sentence are left to the discretion of the Court. (Dkt. No. 36)

The Change of Plea and Sentencing hearing is now set to commence on June 12, 2023. (Dkt. No. 35)

## II.   Supplement Sentencing Arguments

The government continues to maintain the arguments presented to the Court in its Sentencing Memorandum filed on May 3, 2023. (Dkt. No. 33) This Second Sentencing Memorandum is intended to address defense objections to the pre-sentence report, arguments made by the defense in the defense sentencing memorandum, and comments made by defense counsel in open court on May 4, 2023.

### A.   The Pre-Sentence Report Correctly Calculates the Guideline Range

Goldman's final Guideline imprisonment range will be 30 years (360 months) based on a criminal history category V, offense level 38, assuming this Court will elect not to impose a two-level enhancement under the Guidelines for use of a computer. (Dkt. No. 31, PSR ¶¶ 22 and 75). The probation department has correctly calculated Goldman's Guideline range in the pre-sentence report. The defense argues that Goldman has not engaged in a pattern of activity involving prohibited sexual conduct with a minor pursuant to U.S.S.G. § 4B1.5(b)(1). Section

[2]

4B1.5(b)(1) mandates a 5-level increase in the defendant's offense level. U.S.S.G. § 4B1.5(b)(1). The defendant has certainly engaged in such a pattern of activity as defined by the Guidelines. A pattern under the Guidelines requires only two separate occasions of prohibited sexual conduct with a minor. U.S.S.G. § 4B1.5, comment. (n.4Bi). The instant offense must be counted as one occasion, as the instant offense involved the production of child pornography. U.S.S.G. § 4B1.5, comment. (n. 4Aii & n.4BiiI).

The second occasion is based on the defendant's 2019 conviction for Child Solicitation and Sexual Misconduct with a Minor. (Dkt. No. 31, PSR ¶37) This conviction involved the defendant grooming for sexual exploitation a different 15-year old minor female he met using Facebook. After arranging a meeting using Facebook messenger, the minor female reported that Goldman "basically raped me." (Dkt. No. 31, PSR ¶37) Goldman engaged in sexual intercourse with the 15-year-old minor female after she withdrew her consent in a ditch behind a church where they had arranged to meet. (Dkt. No. 31, PSR ¶37) Goldman lied about his own age while grooming the minor female and threatened the minor female when she attempted to end the relationship. (Dkt. No. 31, PSR ¶37) Goldman later admitted the sexual act occurred and that he had threatened and insulted the minor female victim through Facebook communications. (Dkt. No. 31, PSR ¶37) Sexual intercourse with a minor under the age of 15 is "prohibited sexual conduct" as that term is defined under the Guidelines. U.S.S.G. § 4B1.5, comment. (n. 4Ai) Section 4B1.5, Application Note 4Ai cross-references Title 18, United States Code, Sections 2426(b) and 2243. Section 2243 defines an offense involving the commission of a sexual act involving a minor, under the age of 16, including acts involving penetration. 18 U.S.C. §§ 2243(a)(1) and 2246(2).

The defendant incorrectly argues in his Sentencing Memorandum that the U.S.S.G. §

4B1.5(b)(1) 5-level enhancement could only be imposed if the defendant engaged in two separate instances of production of child pornography or child trafficking. (Dkt. No. 34, p. 6)

      **B.      The Case Cited by the Defense Is Not a Binding Precedent**

In comments made during the hearing held in this matter on May 4, 2023, defense counsel made reference to a non-precedential order issued by the Seventh Circuit in *United States v. Rice*, No. 22-1406, WL 2572215 (7th Cir. Mar. 20, 2023). This order is not a precedent setting opinion issued by the Seventh Circuit that is in any way binding on this Court. The order itself makes no determination on the legal issue presented by Rice, instead the order rules that Rice failed to establish plain-error after not objecting to the enhancement at the time of sentencing. For this reason, the Seventh Circuit did not rule on the merits of Rice's argument. Even so, the facts in the Rice case are much different than the facts related to the defendant's pattern of activity. Rice argued his earlier communications with the same victim he was convicted of sexually abusing did not constitute a different occasion of prohibited sexual conduct. Defendant Goldman's alleged pattern of prohibited sexual conduct involved acts committed against an entirely different victim at an entirely different time and place. The Seventh Circuit has ruled that engaging in sex acts with the same victim on multiple different occasions is sufficient to trigger the 5-level enhancement pursuant to U.S.S.G. § 4B1.5(b). *United States v. Norwood*, 982 F.3d 1032, 1059 (7th Cir. 2020).

The defendant committed the instant offense on or about January 29, 2017. (Dkt. No. 1) The defendant committed the unrelated offense establishing the pattern in 2019. (Dkt. No. 31, PSR ¶37) This large gap in time between the two offenses negates any concern raised by the Supreme Court's recent decision in *Wooden v. United Sates*, 142 S. Ct. 1063 (2022). In *Wooden*, the Supreme Court ruled that ten burglaries of adjoining storge units committed on the same

[4]

night could not be counted, for sentencing enhancement purposes, as occurring on occasions different from one another. The defendant committed the separate offenses at issue in this case against two different persons after a time lapse of more than a year. This time gap eliminates any defense made available by the *Wooden* decision.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court impose a reasonable sentence in this case consistent with the Guidelines and the 18 U.S.C. § 3553(a) sentencing factors.

        Respectfully Submitted,

        ZACHARY A. MYERS
        United States Attorney


        By: s/Todd S. Shellenbarger
        Todd S. Shellenbarger
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 8, 2023,** the foregoing Government's Sentencing Memorandum was filed electronically under seal. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

Jonathan Chance
Attorney for the Defendant

By:   s/ Todd S. Shellenbarger
Todd S. Shellenbarger
101 Martin Luther King Blvd.
Federal Building, Room 250
Evansville, IN  47708
Phone:  (812) 465-6475
E-mail: Todd. Shellenbarger@usdoj.gov