UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:21-CR-00065-RLY/MJD |
| v. ) | |
| ) | |
| STACY RYAN GOLDMAN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT STACY RYAN GOLDMAN'S RESPONSE TO THE GOVERNMENT'S SECOND SENTENCING MEMORANDUM**

Defendant, Stacy Ryan Goldman ("Goldman"), by counsel, submits this response to arguments made in the Government's Second Sentencing Memorandum, filed June 8, 2023 (Docket # 39).

**I.  Despite the Government's Additional Arguments, Goldman Prior Offenses Do Not Qualify Him For a Five-Level Enhancement Under U.S.S.G. §4B1.5(b)(1).**

U.S.S.G. §4B1.5(b)(1) increases the guideline sentence by 5 levels if Goldman "engaged in a pattern of activity involving prohibited sexual conduct." Application Note 4(A) defines "prohibited sexual conduct," in relevant part, as "(i) any offense described in 18 U.S.C. 2426(b)(1)(A) or (B) …". 18 U.S.C. 2426(b)(1)(A) defines a "prior sex offense conviction" as any violation under this chapter [18 U.S.C. §§2421-2429], chapter 109A [Title 18 U.S.C. §§2241-2248], chapter 110 [18 U.S.C. 2251-2260A] or section 1591.  18 U.S.C. 2426(b)(1)(B) also defines a "prior sex offense conviction" as a conviction under state law for conduct that would have been a federal offense under 18 U.S.C. 2426(b)(1)(A).

1

Goldman's only prior sexual conduct conviction was a Vanderburgh County conviction for solicitation of a minor and sexual misconduct with a minor in violation of Indiana law. PSR ¶37.  This prior sexual offense, however, cannot meet the definition of "prohibited sexual conduct" as that phrase is defined in Application Note 4.A.  For example, the facts supporting this state court conviction would not have supported a conviction for any offenses involving the transportation of a minor for purposes of engaging in sexual conduct under 18 U.S.C. §§2421-2429 (Chapter 117 addressing transportation for illegal sexual activities).

Nor would the facts underlying this state court conviction support a federal conviction under Chapter 109A, *i.e.,* 18 U.S.C. §§2241-2248 (criminalizing sexual abuse of someone in the custody of a jail or prison by someone who works at that institution), or a conviction under Chapter 110, *i.e.,* 18 U.S.C. §§2251-2260A (criminalizing sexual exploitation of a minor *with the intent to record it and transmit it via interstate commerce*).

Finally, the facts underlying the state court conviction would not support a conviction under 18 U.S.C. §1591 involving child trafficking.

Because Goldman's prior sexual offense did not fall within the meaning of "prohibited sexual conduct" defined in U.S.S.G. §4B1.5(b)(1) Application Note 4.A, there can be no "pattern" of Goldman engaging in such "prohibited sexual conduct."   Therefore, this 5-level guideline enhancement cannot be applied in calculating Goldman's advisory Guideline Sentence.

The Government, while citing Application Note 4. (A) in its Second Sentencing Brief, completely ignores the actual language of that Application Note and makes up its own definition of "prohibited sexual conduct" to mean grooming a minor for purposes of having sex with her. As demonstrated above, however, the government's described scenario does not meet Application Note 4.A.'s specific definitions of when a state court conviction can legally be

considered an instance prior "prohibited sexual conduct" for purposes of applying the five-level enhancement of U.S.S.G. §4B1.5(b)(1)[1].

Finally, because Goldman's prior state court conviction does not meet U.S.S.G. 4B1.5(b)(1)'s definition of "prohibited sexual conduct," Goldman obviously has not engaged in a "pattern" of such conduct.

Respectfully submitted,

Date: June 11, 2023

/s/Jonathan G. Chance
JC LAW OFFICES
123 N.W. 4th Street, Suite 10
Evansville, IN 47708
Tel. (812) 301-1282
Fax (812) 301-1314
Email jc@jc-law.com

Attorney for Defendant
Stacy Ryan Goldman

---

[1] The government's rewrites 18 U.S.C. §2243 to state that that provision criminalizes merely having sexual intercourse with a minor. As shown above, however, that statute specifically criminalizes sexual acts by a person in charge of an institution, such as a jail or hospital, with a minor who is in custody of that institution.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2023, a copy of the foregoing Goldman's Responses to the Government's Second Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

**Todd Shellenbarger**
Todd.shellenbarger@usdoj.gov

                                      */s/Jonathan G. Chance*
                                      JONATHAN G. CHANCE